**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **ROWLAND JEFFERY ADAMS,** ) <br> **On behalf of himself and all similarly** ) <br> **situated individuals,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **GILEAD GROUP, LLC, a foreign limited** ) <br> **liability company, REALTIME RESULTS,** ) <br> **LLC, a foreign limited liability company,** ) <br> **DIANE KOPITSKY, individually and JOHN** ) <br> **MCFERRON,** ) <br> ) <br> **Defendants.** ) | Case No. 3:16-cv-01566-HLA-JBT <br><br><br> Defendants' Dispositive Motion |

**DEFENDANTS' MOTION TO DISMISS AND**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Defendants, Gilead Group, LLC, Realtime Results, LLC, Diane Kopitsky, and John McFerron, by and through their attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move to dismiss Plaintiff's Complaint and submit the following in support of their Motion to Dismiss.

**INTRODUCTION AND SUMMARY OF BASIS FOR RELIEF REQUESTED**

On December 22, 2016, Plaintiff Rowland Jeffery Adams filed a Complaint alleging he was not properly paid under the Fair Labor Standards Act ("FLSA") during his previous employment with one or more of the Defendants. The Complaint contains the following two counts: (1) Count I – Violation of 29 U.S.C. 207 Overtime Compensation under the FLSA; and (2) Count II – Declaratory Relief for alleged violations of the FLSA. The Complaint also contains collective action allegations as Plaintiff is attempting to bring the Complaint on behalf of himself and similarly situated individuals.

Defendants now move the Court to dismiss Counts I and II pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Plaintiff's FLSA overtime claim contained in Count I must be dismissed because Plaintiff's allegations, even if true, provide no evidence of the amount and extent of Plaintiff's work. Moreover, Plaintiff's collective action contained in Count I must be dismissed because Plaintiff fails to provide any factual allegations regarding the Defendants' policy or practice which led to the alleged unpaid overtime to Plaintiff and employees similarly situated to him. Additionally, Plaintiff's collective action contained in Count I must be dismissed because Plaintiff fails to set forth any factual allegations related to the specific job duties of field collection agents throughout the nation who were allegedly "similarly situated employees." Finally, Plaintiff's declaratory relief claim contained in Count II must be dismissed because, *inter alia*, declaratory relief is not available to former employees of an employer and claims related to the record-keeping requirements of the FLSA can only be asserted by the Department of Labor.

## PLAINTIFF'S ALLEGATIONS

Plaintiff asserts he worked for Defendants as a Field Collection Agent (a/k/a Retention Specialist) from approximately May 2014 to November 2015. (Complaint, ¶ 29). Plaintiff further asserts Defendants provided collection, retention and equipment retrieval service for Defendants' customers. (Complaint, ¶ 30). Plaintiff alleges he worked "in excess of forty (40) hours in various workweeks throughout the duration of his employment" and that Defendants, through a payment policy, "shaved Plaintiff's overtime hours worked and forced him to work off-the-clock." (Complaint, ¶¶ 32-33). Plaintiff alleges the class members of an FLSA Collective Action should include: "All 'Field Collection Agents' (a/k/a 'Retention Specialists') who worked for Defendants, nationwide, from August 1, 2013 to present, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their

regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks as required by the FLSA." (Complaint, ¶ 42). Plaintiff also asserts he and the purported class members were all non-exempt employees who performed the same or similar job duties as one another and were compensated in the same manner. (Complaint, ¶¶ 37-38). Finally, Plaintiff alleges he and the proposed class are entitled to declaratory relief under the Declaratory Judgment Act. (Complaint, Count II).

## LEGAL STANDARD OF REVIEW

In ruling upon a motion to dismiss for failure to state a claim, a court will determine whether the factual allegations plausibly, rather than conceivably, give rise to an entitlement to relief. *Wiggins v. Atlantech Distribution, Inc.*, 2016 WL 3951328, *2 (M.D. Fla. July 20, 2016). The Court views the complaint in a light most favorable to the plaintiff and accepts as true all factual allegations in the complaint for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, legal conclusions are not given such a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Bell Ail Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'." *Iqbal*, 556 U.S. at 678.

## LEGAL ARGUMENT

A.  **Plaintiff Has Failed to State An FLSA Overtime Claim.**

In order to survive a Motion to Dismiss, a plaintiff must provide factual allegations of the "amount and extent" of alleged unpaid overtime. *Ranee v. Rocksolid Granit USA, Inc.*, 292 Fed.Appx. 1, 2 (11th Cir.2008). Generally, this requires the plaintiff to provide the Court with enough factual allegations that permit the Court to make a "just and reasonable inference" as to

3

the amount and extent of the plaintiff's work that would establish a FLSA overtime violation. *Cooper v. Cmty. Haven for Adults & Children With Disabilities*, 2013 WL 24240, *9 (M.D. Fla. Jan. 2, 2013). For example, recently in *Wiggins v. Alantech Distribution, Inc.,* 2016 WL 3951328, *3 (M.D. Fla. July 20, 2016), the Court dismissed Plaintiff's FLSA overtime claim and stated:

> [o]ther than providing the general timeframe during which he worked, and claiming that he worked in excess of forty hours in a week during April, 2015, Plaintiff fails to provide any other factual basis in the Amended Complaint on which this Court can make a just and reasonable inference as to the amount and extent of his work.

Other courts in the United States District Court, Middle District of Florida, have also required plaintiffs to provide factual allegations of the "amount and extent" of the alleged unpaid overtime. *See Id.; see also St. Croix v. Genentech, Inc.,* 2012 WL 2376668, *2 (M.D. Fla. June 22, 2012) (dismissing FLSA overtime claim for failure to demonstrate inadequate compensation where the plaintiff only offered conclusory allegations that "[a]t all times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours per work week."); *and Hernandez v. Anderson*, 2015 WL 3514483, *5 (M.D. Fla June 4, 2015) (dismissing FLSA overtime claim where plaintiff merely provided general timeframe during which he worked and claimed he was not compensated for certain work but failed to provide any factual basis on which the Court could make a just and reasonable inference as to the amount and extent of his work).

Here, Plaintiff simply alleges in conclusory fashion that he worked "in excess of forty (40) hours in various workweeks throughout the duration of his employment." (Complaint, ¶ 32). Plaintiff does not allege any specific workweeks during which he allegedly worked more than 40 hours nor does he allege any facts about how many hours he typically worked for Defendants. In fact, there is no discussion at all of a particular workweek, let alone, a description of the amount of hours he worked in any particular workweek. Additionally,

4

228772.1

Plaintiff's Complaint does not contain any factual allegations that would establish when and how Defendants learned or should have learned Plaintiff worked overtime hours and refused to properly compensate him. See *Reich v. Dep't of Conservation & Natural Res.*, 28 F.3d 1076, 1082 (11th Cir. 1994) (In order to be liable under the FLSA, the employer must know or have reason to believe that the employee has worked overtime hours).

In sum, Plaintiff's Complaint merely contains conclusory allegations that he worked overtime. As reflected above, the U.S. District Court for the Middle District of Florida has repeatedly found allegations similar to those in Plaintiff's Complaint do not establish an actionable FLSA overtime claim, and thus, Plaintiff has failed to adequately allege the amount and extent of his work in order to demonstrate he was not properly compensated under the FLSA. Therefore, Plaintiff's FLSA overtime claim contained in Count I should be dismissed.

**B.      Plaintiff Fails To State Sufficient Collective Action Allegations.**

Similar to his individual FLSA claim, Plaintiff's collective action allegations are insufficient inasmuch as the collective action is based on conclusory allegations. "The FLSA authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir.2008) (*citing* 29 U.S.C. § 216(b)). With respect to asserting a FLSA collective action, the 11th Circuit has directed that the employees in the proposed collective action should be "similarly situated with respect to their job requirements and with regard to their pay provisions." *Id*.

Accepting the allegations in the Complaint as true, Plaintiff fails to adequately allege the basis for his collective action on behalf of others similarly situated to him for two reasons. First, Plaintiff does not include any factual allegations related to the specific job duties of field collection agents throughout the nation who were allegedly "similarly situated employees." Instead, Plaintiff simply alleges he was a Field Collection Agent and that Defendants as the

5

employers provided collection, retention and equipment retrieval services for Defendants' customers. (Complaint, ¶¶ 29-30). Collective action allegations that only include a job title without describing what the job entails or how employees spend their time during a typical work day or work week are insufficient to survive a Rule 12(b)(6) motion. *See St. Croix,* 2012 WL at *2; *Pickering v. Lorilland Tobacco Co., Inc.*, 2011 WL 111730, *2 (M.D. Ala. Jan. 13, 2011) (dismissing collective allegations where there were no factual allegations explaining what the plaintiff did when he reported to work); *and Dyer v. Lara's Truck's, Inc.*, 2013 WL 609307, *4-5 (N.D. Ga. Feb. 19, 2013) (conclusory statements were insufficient to adequately allege collective action).

Second, and more importantly to Defendants, Plaintiff does not provide any factual allegations describing the policy or practice that led to Plaintiff and employees similarly situated to him being improperly compensated. Plaintiff only alleges Defendants had a policy or practice that resulted in nonpayment to the Plaintiff and all potential class members (Complaint, ¶42), and the payment policy included "shaving" overtime hours (Complaint, ¶33). Plaintiff does not allege whether this alleged policy or practice was in writing or oral. Plaintiff does not allege when and how the policy or practice became implemented or applicable. Plaintiff does not allege what document or other data entry form Defendants allegedly "shaved" hours from during the relevant period. Plaintiff does not allege whether the policy or practice is still in place or ceased upon closure of the facility where Plaintiff worked. Plaintiff does not allege how he knows or has a good faith belief that the policy or practice applies or applied to every Field Collection Agent nationwide. Plaintiff does not allege whether his allegations only include former Field Collection Agents or former and current Field Collection Agents. Plaintiff does not allege the type of work for which Plaintiff and similarly situated employees were not properly compensated.

6

Without additional factual allegations, Plaintiff cannot satisfy his requirement of providing fair notice to the Defendants of exactly what the payment policy or practice entailed and the grounds upon which his individual and collective claims rest. *Twombly*, 550 U.S. at 556 n. 3. Therefore, Plaintiff's collective action claim contained in Count I should be dismissed.

C.  **Plaintiff Fails To State An Actionable Claim For Declaratory Relief In Count II**

Declaratory judgment is appropriate when the judgment will serve a useful purpose of clarifying and settling the legal relations in issue, and when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding, but not where questionable conduct has already occurred, damages have already accrued, and a suit has already been instituted. *Penn Am. Ins. Co. v. Coffey*, 2012 WL 2396873, *8 (E.D. Va. May 9, 2012) (granting motion to dismiss declaratory judgment claim in an FLSA case because the plaintiff's rights to damages had already accrued as the complained of conduct had already occurred). In this case, Plaintiff concedes in the Complaint that he is a <u>former employee</u>. Specifically, Plaintiff alleges he worked for Defendants from approximately May 2014 to November 2015 (*See* Complaint, ¶ 29), and thus any alleged wrongdoing affecting Plaintiff has already occurred.

In *Mical v. Gold Coast Glass Corp.*, the U.S. District Court for the Southern District of Florida also dismissed a former employee's claim for declaratory relief in an FLSA case. In its decision, the court specifically concluded: "[t]he Plaintiff, who is no longer employed by Defendant, has no continuing or imminent future injury claim and cannot allege that he may be entitled to declaratory relief." *See Id.*, 2014 WL 266301, *2 (S.D. Fla. Jan. 13, 2014); *see also Buchroeder v. 211 Tamiami Trail Realty Assoc., LLC*, 2012 WL 2226497, *2 (M.D. Fla. June 15 2012) (dismissing declaratory judgment count in FLSA case in finding, *inter alia*, "a former employee such as Buchroeder lacks the 'present right' that is highly relevant to the analysis of whether the Court should exercise its discretion to award declaratory relief."). Furthermore, as

7

stated previously, there are no factual allegations that establish any alleged "similarly situated employee" is a current employee of the Defendants. Plaintiff does not allege that any Field Collection Agents remain employed by any of the Defendants in the area where Plaintiff performed his work. Plaintiff does not even allege that Defendants currently provide equipment retrieval services as he refers in the past tense to this type of work by Defendants. (See Complaint, ¶ 30). In fact, all allegations within the "Factual Allegations" section of the Complaint use the past tense. (*See* Complaint, ¶¶ 29-36).

Additionally, as reflected above, Plaintiff seeks a declaration that Defendants violated the recordkeeping provisions of the FLSA. However, the FLSA and federal case law interpreting the FLSA clarify that only the Administrator of the Wage and Hour Division of the U.S. Department of Labor can bring a record keeping enforcement action for alleged violations of the FLSA.[1] *See* 29 U.S.C. § 211(c); *Betancourt v. General Services of Va., Inc.*, 2015 WL 6446071, *5 (M.D. Fla. Oct. 23, 2015) ("authority to enforce the FLSA's record-keeping provisions is vested exclusively with the Department of Labor"); *Ramlochan v. Secretary, U.S. Dept. of Commerce*, 549 Fed. Appx. 869, 870-71 (11th Cir. 2013); *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 843 (6th Cir. 2002); *Nicholson v. UTI Worldwide, Inc.*, 2010 WL 551551, *5 (S.D. Ill. Feb. 12, 2010). Thus, for this additional reason, Plaintiff fails to state a valid claim for declaratory relief.

---

[1] Some federal courts have gone a step further and indicated that declaratory relief of any kind for FLSA violations cannot be sought by any party other than the Department of Labor. The U.S. Court of Appeals for the Sixth Circuit has specifically stated: "The FLSA permits only the Department of Labor to seek injunctions under the statute . . . [d]eclaratory judgments 'in every practical sense operate' like injunctive relief . . . meaning that the implication of a private declaratory judgment action would not only be in tension with the statutory scheme but also would essentially contradict it." *Michigan Corrections Organization v. Michigan Dep't of Corrections*, 774 F.3d 895, 903-904 (2014); *see also Thrower v. Peach County, Georgia, Bd. Of Educ.*, 2010 WL 4536997, *8 (M.D. Ga. Nov. 2, 2010). Without directly addressing declaratory judgment actions for FLSA violations, the 11th Circuit has also indicated that "the right to bring an action for injunctive relief under the Fair Labor Standards Act rests exclusively with the United States Secretary of Labor." *Powell v. State of Fla.*, 132 F.3d 677, 678 (11th Cir. 1998); *see also Howard v. City of Springfield, Illinois*, 274 F.3d 1141, 1144-45 (7th Cir. 2001).

228772.1

Finally, as discussed in the sections above, Plaintiff has failed to adequately allege an FLSA claim, and, thus, he cannot establish he is entitled to declaratory relief for alleged FLSA violations. For all the foregoing reasons, Plaintiff's Count II claim for declaratory relief should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety and grant such other relief as this Court deems just and proper.

Respectfully submitted,

**MCMAHON BERGER, P.C.**

/s/ Brian C. Hey
James N. Foster, Jr. (Admitted *Pro Hac Vice*)
Brian C. Hey, "Trial Counsel"
(Admitted *Pro Hac Vice*)
Brian M. O'Neal (Admitted *Pro Hac Vice*)
2730 North Ballas Road, Suite 200
St. Louis, Missouri 63131
(314) 567-7350- Telephone
(314) 567-5968 - Facsimile
foster@mcmahonberger.com
hey@mcmahonberger.com
oneal@mcmahonberger.com

and

Milton, Leach, Whitman, D'Andrea & Eslinger
Eric L. Leach, Florida Bar No. 745480
3127 Atlantic Blvd.
Jacksonville, Florida 32207
(904) 346-3800 – Telephone
(904) 346-3692 - Facsimile

228772.1

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 17th day of February 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Michael N. Hanna, Esq.
    Morgan and Morgan, P.A.
    600 N. Pine Island Road
    Suite 400
    Plantation, FL 33324
    Telephone: (954)318-0268
    MHanna@forthepeople.com

                                                               /s/ Brian C. Hey