UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ROWLAND JEFFERY ADAMS**, *etc.*,

    Plaintiff,

v.                                                    Case No.: **3:16-cv-1566-J-25 JBT**

**GILEAD GROUP, LLC**, etc., *et al*,

    Defendants.
_____/

## ORDER

This Cause is before the Court on Plaintiff's Motion to Conditionally Certify Collective Action (Dkt.16) and Plaintiff's Motion for Leave to File a Reply (Dkt. 45).

**Background**

Plaintiff's Complaint seeks overtime pay under the Fair Labor Standards Act (FLSA). From September 1, 2012 to September 2, 2016, Defendant Realtime Results, LLC (Realtime) provided collection, field retention, and asset recovery services for its clients, which were primarily cable service providers. Realtime closed its collection division on September 2, 2016 due to unprofitability and has not employed a Field Collection Agent since September 2, 2016. Defendant Gilead Group, LLC (Gilead) is alleged to have jointly employed Plaintiff with Realtime and individual Defendants Kopitsky and McFerron are alleged to be employers as defined by 29 U.S.C.A. § 201.

1

Plaintiff was employed by Realtime as a Field Collection Agent (Collection Agent) for Comcast accounts. Plaintiff alleges that Defendants shaved overtime hours and forced him to work off-the-clock.

Plaintiff's Complaint is an "opt-in" collective action on behalf of "All 'Field Collection Agents' (a/k/a "Retention Specialists") who worked for Defendants, nationwide, from August 1, 2013 to present, who worked in excess of 40 hours in on [sic] or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks as required by the FLSA." (Dkt. #38, Second Amended Complaint, ¶ 42).

Plaintiff's Motion (Dkt. 16) requests the Court conditionally certify a collective action and authorize notice to the following class:

> IF YOU ARE OR WERE, AT ANY TIME BETWEEN SEPTEMBER 28, 2013 TO THE PRESENT, A FIELD COLLECTION AGENT (A/K/A "RETENTION SPECIALIST") WHO WAS NOT PAID OVERTIME COMPENSATION IN WEEKS WHERE YOU WORKED MORE THAN FORTY HOURS WITHIN A WORK WEEK AND/OR NOT PAID MINIMUM WAGE FOR ALL HOURS WORKED, A COLLECTIVE ACTION LAWSUIT MAY AFFECT YOUR RIGHTS.

(Dkt. 16-1)

**Standard**[1]

The Court follows a two step procedure when determining whether to

---

[1] Internal citations and quotations will be omitted in this Order.

certify a collective action under 28 U.S.C. § 216(b). *Cameron–Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003). "At the notice stage, the district court makes a decision-usually based on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members." *Id.*

The Court must determine whether there are similarly situated employees who desire to opt-in. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1266-1 (11th Cir. 2008). This determination is made using a "fairly lenient" standard. *Id.* "Factors considered in determining whether the potential plaintiffs are similarly situated to the named plaintiffs include (1) job duties and pay provisions and (2) whether they were subject to a common policy, plan, or scheme that forms the basis of the alleged FLSA violation." *Lytle v. Lowe's Home Centers, Inc.*, 2014 WL 103463 *2 (M.D. Fla. 2014).

**Analysis**

First, Defendants argue that conditional certification should be denied because Plaintiff has not established that a sufficient number of similarly situated employees wish to join this lawsuit. Defendants point to the number of Field Collection Agents who would fall within Plaintiff's proposed class definition (305), the duration of the parties' dispute (more than a year) and the shortage of individuals who expressed desire to join this litigation (5). However, Plaintiff notes that a Complaint filed with the United States Department of Labor in Missouri and

federal lawsuit filed in the Western District of Texas[2] provide evidence that other employees will likely join this action if given the opportunity.

Next, Defendants argue that the purported class members are not similarly situated because they provided services to several different cable companies and Comcast "was unique in that disconnection of service was performed digitally by Comcast whereas all the other projects required, for the majority of the time, a physical disconnect performed by a Field Collection Agent." However, Plaintiff counters that the proposed class needs to be similar rather than identical and all members were compensated hourly, performed similar duties and were subject to the same payment policy. The Court agrees the purported class members are similarly situated.

Next, Defendants argue that "the assertion that Defendants maintained an illegal payment policy that prohibited overtime pay is easily defeated after reviewing Defendants' time records, which demonstrate Field Collection Agents... nationwide were paid $20,187.22 for working 1,165.50 overtime hours from July 18, 2013 to November 24, 2015."

---

[2] Defendants contend that the Department of Labor complaint does not contain off-the-clock work or time shaving allegations and the federal lawsuit does not include any allegations of time shaving or off-the-clock work. However, as Plaintiff points out, the relevant federal complaint in Texas alleges the plaintiff worked as a "Customer Retention Specialist/Collections Technician" from August 19, 2015 to November 5, 2015 and he "routinely worked 65 to 75 hours per week with no overtime being paid." (Dkt. 16-8)

Plaintiff counters that the collective amount of overtime pay equates to an average of fifty-three cents per workweek and notes that Defendants' project manager declared each agent regularly worked overtime. The Court finds that Plaintiff has met the low threshold for conditional certification.

Alternatively, Defendants request the Court narrow the proposed class to include only former Florida Field Collection Agents who worked on Comcast collections. As noted, Plaintiff convincingly asserts that the relevant employees performed similar duties and were subject to a national payment policy; the Court will not limit the class to Florida employees who performed Comcast collections.

**Tolling**

Under the FLSA, there is a two-year statute of limitations for general violations and a three-year statute of limitations for willful violations. 29 U.S.C.A. § 255(a). Plaintiff seeks to have the Court toll the statute during the period it was deciding the conditional certification motion and also during certain periods of time listed in "Tolling Agreements" that he has proffered. Plaintiff points out that "[a]s each day passes in this litigation, one day of damage is lost from each potential putative plaintiffs' claims."

Plaintiff seeks to have the Notice to potential opt-in plaintiffs sent to all field collection agents who were employed by any of the Defendants since September 28, 2013. Defendant notes that the requested time period exceeds even the three year statute of limitations for willful violations by several months and

5

maintains that the three year period should be calculated backwards from the date the Notice is mailed, not the date Plaintiff filed the Complaint.

Further, Defendants specifically object to the tolling request, correctly noting that equitable tolling is an extraordinary remedy and also arguing that the relevant agreements were only between certain Plaintiffs and Defendant Realtime Results, LLC. In addition, Defendants note that the agreements were not signed by all the relevant parties, Plaintiff miscalculated the tolling period, one agreement was not accepted by Plaintiff before it was withdrawn and one agreement only applies to agents working on Comcast accounts.

Of note, because the non-equitable tolling issue touches upon private agreements, the Court urges all Parties to attempt to resolve this issue on their own. If they are unable, Plaintiff may file a reply to Defendants' opposition and the Court will decide the matter in due course.

**Form of Notice**

Defendants request that the Notice be revised to the extent Plaintiff makes references to alleged minimum wage violations because Plaintiff's Complaint does not include any allegations of minimum wage violations. Plaintiff did not address this matter in his reply.

Defendants also argue that "The proposed notice...should clearly explain that opt-in plaintiffs may be responsible for a share of Defendants' costs if they are unsuccessful on the merits of their claims." The Court agrees with Plaintiffs that

Defendants' proposed language regarding costs may dissuade people from joining the lawsuit.

Defendants also maintain that the potential opt-in plaintiffs should be informed that Defendants may be awarded attorneys' fees if the case is held to have been brought in bad faith. This Court again agrees with Plaintiff that this type of language is inappropriate.

In addition, both sides have articulated other minor requests regarding the form of notice and method of dissemination. Plaintiff suggests the Court require the Parties confer in good faith to resolve issues related to the form of notice and dissemination and then submit an acceptable joint notice to the Court. The Court finds that Plaintiff's proposal on this point is reasonable. Thus, is it **ORDERED**:

1. Plaintiff's Motion to Conditionally Certify Collective Action (Dkt.16) is **GRANTED** to the extent discussed in this Order; the parties are directed to confer on or before **December 4, 2017** regarding the form of notice and method of dissemination to the opt-in Plaintiffs. The parties shall file a notice with the Court on or before **December 8, 2017** articulating any agreement they have reached as to the proposed form of notice and dissemination;

2. Plaintiff's Motion to File Reply (Dkt. 45) is **GRANTED** to the extent Plaintiff may file a reply to Defendants' opposition to Plaintiff's Motion to Toll the Statute of Limitations or before **December 8, 2017** if he cannot reach an

agreement with Defendants regarding same; the reply may not exceed **5 pages**.

**DONE AND ORDERED** this _17_ day of _November_, 2017.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to:
Counsel of Record